UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,                           CASE NO.
                                             HON.
            Plaintiff,

                                        Case: 5:23-cv-10778
vs.                                     Judge: Levy, Judith E.
                                        MJ: Altman, Kimberly G.
MICHIGAN ATTORNEY DISCIPLINE            Filed: 04-04-2023
BOARD,                                  CMP BRENDA SANDERS V MICHIGAN
                                        ATTORNEY DISCIPLINE BOARD (SS)
            Defendant.

_____/
Brenda K. Sanders (P37845)
Plaintiff – In *Pro Se*
P. O. Box 953
Lincoln Park, Michigan  48146
(313) 685-1096
(803) 991-1137
brendakarensanders@outlook.com
_____/
There is no other civil action between the parties arising out of the same transaction or occurrence
as alleged in this Complaint pending in this Court, nor has any such action been previously filed
and dismissed or transferred after having been assigned to a Judge, nor do I  know of any other
civil action,  not between the parties, arising out of the same transaction or occurrence alleged in
this Complaint that is either pending or was previously filed and dismissed, transferred or
otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

       NOW COMES  the Plaintiff, Brenda K. Sanders, in Pro Se, and brings this instant

Complaint against the Defendant, Michigan Attorney Discipline Board, and in support of same,

states the following:

       1.     That she is a member of the State Bar of Michigan as a licensed attorney since May,

1985.

       2.     That the Plaintiff's law license has remained in "inactive status" for almost eight

(8) years.

1

3.      That the Plaintiff served as an elected Judge to the 36th District Judicial District Court from January 1, 2009 until July 1, 2015.

4.      That the Defendant served notice of the pending matter at an address that the Plaintiff had not resided for eleven years.

5.      That the Defendant had notice of a more current address and could have identified the Plaintiff's address through her former employer, the 36th Judicial District Court.

6.      That the Defendant did not exercise due diligence to determine the correct mailing address of the Plaintiff prior to seizing her law license.

7.      That while the Defendant gave a deficient notice of the proceedings via an address in which the Plaintiff had not resided for more than twelve (12) years, the Plaintiff began to experience U.S. Military attacks at her residence in South Carolina on or before May 13, 2015. (See the Plaintiff's Instagram Account at https://Instagram.com/brendaksanders4congress.

8.      That the Plaintiff is sure that the Defendant intentionally served her at an incorrect address in order to gain a distinct advantage in the proceedings and so that they could illegally effectuate an order that would disable the Plaintiff's law license.

9.      That on July 1, 2015,  the Plaintiff's law license was placed in "inactive" status.

10.     That the Defendant conducted a hearing before seizing the Plaintiff's law license, but did so, without the knowledge of the Plaintiff.

11.     That on or about May, 2019, the Plaintiff filed a Petition for Reinstatement of Her License to Active Status.

12.     That on or about December 8, 2019, Plaintiff attended a hearing that was conducted concerning the above-referenced petition.

13.     That the Plaintiff rendered personal testimony under oath and answered all of the questions that were posed to her by Defendant's counsel with accuracy and with competency.

14.     That subsequent to the hearing where the Plaintiff appeared and testified, Defendant issued an Order Denying the Plaintiff's Reinstatement of Law License to "Active Status" on or about March 31, 2020.

15.     That since the time, the Plaintiff's law license has been rendered inactive, the Plaintiff has conducted a weekly radio podcast, run for the U.S. Congress and published a book, all of which, support her competency to practice law safely in the State of Michigan.

16.     That the Defendant sought to punish the Plaintiff for seeking the reinstatement of her law license to "active" status, by imposing and assessing court costs that it knew that the Plaintiff could not afford to pay.

17.     That the Defendant has continued to publish on its website that the Plaintiff, Brenda K. Sanders is not an attorney practicing law in the State of Michigan.

18.     That for the last several years, the Plaintiff has been attacked by U.S. Military planes at her residence in South Carolina and now, at her residence in Michigan.

19.     That the Plaintiff believes that her twin sister succumbed to the military attacks.

20.     That the Plaintiff has suffered injury to her physical body as a result of the continued U.S. Military attacks and suffered.

21.     That the Plaintiff has not been entitled to employment opportunities that require her to present an active Michigan law license and membership in a bar association with "good standing".

22.     That the Petitioner's law license was transferred to inactive status on November 30, 2015.

23.     That the Petitioner had no knowledge of the actions taken by the Attorney Discipline Board until late March, 2016.

24.     That the Petitioner filed a Petition for Reinstatement on May 20, 2019.

25.     That the Petitioner appeared before the Attorney Discipline Board Panel on December 16, 2019 pursuant to an Order of the Board.

26.     That the Petitioner represented herself, in *Pro Se*, and presented her testimonial support for the reinstatement of her law license pursuant to MCR 9.121(E).

27.     That the Petitioner presented factual testimony supporting all of the required criteria for law license reinstatement pursuant to MCR 9.123 (B)(1)-(7).

28.     That the Petitioner requested that the Attorney Discipline Board Panel take judicial notice of the fact that the Petitioner was competently able to address the Panel and follow the protocol of the hearing.

29.     That additionally, the Petitioner represents that she was able to competently present and discuss factual evidence in support of the required criteria pursuant to MCR 9.123 (B) (1)-(7).

30.     That primarily, the Petitioner presented testimony about the Attorney Grievance Commission's failure to give sufficient notice of due process prior to the seizure and taking of her law license and transferring the same to an inactive status.

31.     That furthermore, the Petitioner highlighted the Attorney Grievance Commission's failure to comply with MCR 9.115(C), which requires that the Petitioner be served at her last known address which was registered with the State Bar of Michigan.

32.     That MCR 9.115(C)  also required that the Petitioner's attorney of record be served with a copy of the Complaint and such service would have been considered sufficient and in accord with Rule 2.

33.     That the Attorney Grievance Commission failed to comply with the requirements of MCR 9.115 (C), inasmuch as, the Commission served the Petitioner at a former residential address that was not current, as more than eleven (11) years had elapsed since the Petitioner resided at the address.

34.     That more importantly, the State Bar of Michigan's last registered address for the Petitioner was the address for her judicial position at the 36th Judicial District Court, which is where the Petitioner received all of her mail for the State Bar of Michigan.

35.     That the Petitioner further states that her rights to 14th Amendment protections against unreasonable search and seizure of her property were violated when the Attorney Grievance Commission failed to comply with the mandates of MCR 9.115 (C).

36.     That therefore, the Attorney Grievance Commission failed to comply with the MCR 9.115 (C), which mandated that due process be given to the Petitioner before any action is taken relative to the transference of the Petitioner's law license to inactive status.

37.     Similarly, the Petitioner contends that her constitutional right to 14th Amendment due process was denied because the Attorney Grievance Commission failed to properly employ due diligence as it relates to serving the Petitioner with the Complaint.

38.     That the Attorney Grievance Commission did not successfully refute the Respondent's contention that she was denied due process pursuant to the 14th Amendment of the U.S. Constitution, before the transfer of her law license to inactive status.  Instead, the testimony and presentation by the AGC established that the requirements of MCR 9.115 (C) were seriously and totally ignored.

18.     That contrary to the assertions of the Attorney Grievance Commission, MCR 9.115 (C) required that a second hearing be conducted to determine if sanctions should be imposed on a

Respondent following the initial hearing where a determination of judicial incompetence may have been declared.

39.     That, therefore, the Respondent's law license should be reinstated without imposition of additional penalties or conditions.

40.     That the Defendant clearly violated the Plaintiff's rights and has continued to hold the Petitioner's law license in "inactive status" without the prerequisite proof that she is "not competent to practice law in the State of Michigan.

41.     That the Defendant, Attorney Discipline Board, continues to maintain and communicate to third parties and the public at large, that she is incompetent to practice law in the State of Michigan.

## VENUE

42.     That all of the events that transpired relative to this instant cause of action took place in the City of  Detroit, State of  Michigan.

43.     That the Plaintiff currently resides in the City of Lincoln Park, County of Wayne, State of Michigan.

44.     That the Defendant, the Attorney Discipline Board, is located at 333 W. Fort Street, Suite 1700, Detroit, Michigan  48226-3147.

## JURISDICTION

36.     That the Michigan's Elliott-Larsen Civil Rights Act-M.C.L.A. §37.2101 and other common law tort claims allowed pursuant to Michigan law.

37.     That the instant Plaintiff is an individual that currently resides in the State of Michigan.

38.     That the Defendant's municipal entities are incorporated under the laws of the State of   Michigan and have their principal place of business at 333 W. Fort Street, the City of Detroit, 48226 , State of Michigan.

39.     That the Plaintiff further avers that the amount in controversy exceeds $75,000, not counting interest and costs of court, based on the injuries and damages that the Plaintiff has incurred.

## PARTIES

40.     That the Defendant is located at 333 W. Fort Street, City of Detroit, Michigan 48226.

41.     That the Defendant, Attorney Discipline Board, was created by and functions pursuant to the laws of the State of Michigan.

42.     That the Plaintiff's current mailing address is P. O. Box 953, City of Lincoln Park, State of Michigan 48146.

43.     That Defendant, Attorney Discipline Board, (hereinafter referred to as "Defendant") is a governmental entity located in the County of Wayne, State of Michigan.

44.      That Plaintiff asserts state claims against Defendant under the Michigan Elliott-Larsen Civil Rights Act and a common law tort claim for Intentional Infliction of Emotional Distress.

45.     That the Plaintiff also asserts multiple claims against the Defendant, Attorney Discipline Board, pursuant to federal law.

<u>**COUNT I**</u>

<u>**42 U.S.C 1981 RACE, AGE AND SEX DISCRIMINATION CLAIM AGAINST
DEFENDANT WITH REGARD TO DENIAL OF ENJOYMENT OF ALL BENEFITS,
PRIVILEGES, TERMS AND CONDITIONS OF  HER LAW LICENSE
AND THE PRACTICE OF LAW**</u>

46.     Plaintiff hereby re-alleges and incorporates by reference the above paragraphs as though incorporated herein word for word.

47.     Plaintiff is an African American female.

48.     Defendant intentionally discriminated against African-American attorneys, including Plaintiff, when it failed to reinstate the Plaintiff's law license to "active status".

49.     That the Plaintiff has continued to suffer as a target of intentional racism since her status as a law student at the University of Detroit-Mercy School of Law in 1983.

50.     That said discrimination related to Plaintiff's active law license which has been denied by the Defendant and she has been denied the enjoyment of all benefits, privileges, terms and conditions of  the practice of law because of her race.

51.     That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignments, emotional distress, and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

52.     That, accordingly, Plaintiff hereby asserts a 42 U.S.C. 1981 claim against the Defendant.

53.     That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignments, emotional distress, and mental anguish,

past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

WHEREFORE, the Plaintiff, BRENDA K. SANDERS, respectfully requests that this Honorable Court enter a judgment against the Defendant, Attorney Discipline Board, in an amount that is commensurate with the extreme and drastic damages that have accrued because of the Defendant's racist and hateful targeting of the Plaintiff.

## COUNT II

### VIOLATION OF SEC. 42 U.S.C 1983 RACE, AGE AND SEX DISCRIMINATION CLAIM AGAINST DEFENDANT WITH REGARD TO DENIAL OF ENJOYMENT OF ALL BENEFITS, PRIVILEGES, TERMS AND CONDITIONS OF  AN ACTIVE LAW LICENSE AND THE PRACTICE OF LAW

54.     Plaintiff hereby re-alleges and incorporates by reference the above paragraphs as though incorporated herein word for word.

55.    That the Plaintiff is an African American female and the member of a protected group pursuant to U.S.C. Sec. 1983.

56.     That the Plaintiff is qualified to practice law in the State of Michigan and the Plaintiff possesses no physical or mental disability that would prevent her from doing so.

57.     That the Michigan Attorney Discipline Board received testimonial evidence from the Plaintiff, under oath, regarding her ability to practice law in the State of Michigan, but has refused to allow the Plaintiff's law license to be returned to "active" status.

58.     That the Plaintiff has received less favorable treatment than similarly situated individuals outside of her protected group.

59.    That the Plaintiff has been the subject of many targeted and discriminatory actions such as ejection from the University of Detroit School of Law in 1983, ejection from her elected seat as

a 36th Judicial District Judge in 2015, and now, a continued effort to hold her law license in "inactive" status.

60.    That the members of the Attorney Discipline Board have continued to wrongfully discriminate against the Plaintiff by refusing to grant the Plaintiff's Petition to Reinstate Her Law License without any legal justification.

61.    That each member of the Attorney Disciple Board has acted to eliminate the Plaintiff's constitutional right to practice law in the State of Michigan.

62.    That a clear pattern of discrimination and racial hatred has been established since the Plaintiff's law school career, her career as an attorney, her judicial career and now the Defendant's efforts to deprive the Plaintiff, yet again, of her opportunity to practice law in the State of Michigan.

63.    That the Defendant and its individual members, have failed to justify their actions and have continued to discriminate against the Plaintiff on the basis of her sex and her race.

64.    That the Plaintiff has suffered enormous economic loss and has been deprived of multiple opportunities for gainful employment as an attorney in good standing in the State of Michigan and elsewhere.

65.    That the Plaintiff is also the target of U.S. military gang stalking and has endured physical    assaults    as    a    result    of    the    military    attacks.    (See www.https://Instagram.com/brendaksanders4congress.

66.    That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignments, emotional distress, and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation,

past and future outrage, damages to reputation, and whatever punitive damages are recoverable herein.

WHEREFORE, the Plaintiff, BRENDA K. SANDERS, respectfully requests that this Honorable Court enter a judgment against the Defendant, Attorney Discipline Board, in an amount that is commensurate with the extreme and drastic damages that have accrued because of the Defendant's racist and hateful targeting of the Plaintiff.

## COUNT III

### MICHIGAN ELLIOTT-LARSENCIVIL RIGHTS ACT 453 OF 1976 RACE, AGE. SEX DISCRIMINATION CLAIM AGAINST DEFENDANT AS TO DENIAL OF BENEFITS, PRIVILEGES, TERMS AND CONDITIONS OF EMPLOYMENT

67.     That Plaintiff hereby re-alleges and incorporates by reference the above paragraphs as if fully set forth herein word for word.

68.      That the Defendant's unintentional actions had a discriminatory impact on the protected classes to which the Plaintiff belonged.

69.     That simply put, the Defendant participated in discrimination wherein an employer outright treats an employee or a potential employee differently because of that employee's race, age, religion, color, sex, national origin, etc.

70.     That at all material times, Plaintiff was an applicant for employment with the Defendant, and Defendant was her prospective employer, covered by and within the meaning of the Michigan Elliott-Larsen Civil Rights Act, disparate treatment statutes, M.C.L.A. § 37.2202(1)(a) et seq., also cited as the Elliott-Larsen Civil Rights Act 453 of 1976.

71.     Plaintiff is an African American female.

72.     Defendant intentionally discriminated against African American employees, including Plaintiff, when it selected other candidates to fill the advertised employment opportunities on its website, and on its mobile app, other than the Plaintiff.

73.     That said racial, age and sex discrimination related to Plaintiff's employment opportunities with the Defendant and the Plaintiff was denied every employment opportunity, the enjoyment of all benefits, privileges, terms and conditions of a potential employment relationship because of the above-cited discrimination.

74.     That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignment, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, and damages to reputation.

75.     That accordingly, the Plaintiff hereby asserts a claim for race and age and sex discrimination against the Defendant pursuant to the Michigan Elliott-Larsen Civil Rights Act § 202 of the Elliott-Larsen Civil Rights Act, MCL 37.2202; MSA 3.548(2).

## COUNT IV – MICHIGAN COMMON LAW INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

76.     That Plaintiff hereby realleges and incorporates by reference the above referenced paragraphs as if incorporated herein word for word.

77.     That Defendant's conduct as outlined above was intentional.

78.     That Defendant's conduct as outlined above was extreme, outrageous, and of such character as not to be tolerated by a civilized society.

79.     That Defendant's conduct as outlined above was for an ulterior motive or purpose.

80.     That Defendant's conduct resulted in severe and serious emotional distress.

81.     That as a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in the manner outlined above.

82.     That as a direct and proximate result of Defendant's aforesaid violations of Plaintiff's rights, Plaintiff has suffered and sustained reassignment, emotional distress and mental anguish, past and future injuries to feelings including extreme embarrassment and humiliation, past and future outrage, and damages to reputation.

### **RELIEF REQUESTED**

83.     That Plaintiff requests that this Honorable Court enter judgment against Defendant for the following relief:

      a.     An award to Plaintiff for compensatory damages sufficient to compensate her for mental anguish and emotional distress, embarrassment and humiliation, and damage to her professional reputation as a result of Defendant's actions.

      b.     An award of past and future wages as a result of Defendant's failure to employ the Plaintiff.

      c.     An award to the Plaintiff of punitive damages against Defendant as a result of the reckless indifference, wanton, malicious and reckless disregard of Plaintiff's civil rights under the law.

      d.     An award to Plaintiff of the costs and disbursements of this action, including reasonable attorney fees pursuant to statute.

      e.     An award to Plaintiff of other and additional legal and/or equitable relief to which she may be entitled.

      f.     An award of exemplary damages for the Plaintiff and against the Defendant.

WHEREFORE, the Plaintiff herein, Brenda K. Sanders, respectfully requests that this Honorable Court award the Plaintiff damages in an amount in excess of $75,000.00, plus costs and attorney fees, if applicable, at the time a judgment in the Plaintiff's favor is entered by this Honorable Court.

Respectfully Submitted,

*/s/ Brenda K. Sanders*

By:   _____

Brenda K. Sanders
Plaintiff – In *Pro Se*
P. O. Box 953
Lincoln Park, Michigan 48146
(313) 685-1096
(803) 991-1137
brendakarensanders@outlook.com

DATED:   March 31,2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,                          CASE NO.
                                            HON.
                    Plaintiff,

vs.

MICHIGAN ATTORNEY DISCIPLINE
BOARD,

                    Defendant.

_____/
Brenda K. Sanders (P37845)
Plaintiff – In *Pro Se*
P. O. Box 953
Lincoln Park, Michigan  48146
(313) 685-1096
(803) 991-1137
brendakarensanders@outlook.com
_____/

**JURY DEMAND**

        NOW COMES the Plaintiff, Brenda K. Sanders, and hereby demands a trial by jury in the

above-entitled cause of action.

                                   Respectfully Submitted,

                                   /s/ *Brenda K. Sanders*

                        BY:_____
                                   Brenda K. Sanders
                                   Plaintiff in *Pro Se*
                                   P. O. Box 953
                                   Lincoln Park, Michigan  48146
                                   (313) 685-1096
                                   (803) 991-1137
                                   brendakarensanders@outlook.com

DATED:  March 31, 2023

15