UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,                          CASE NO.  2:23-cv-10788-MFL-KGA
                                            HON. JUDITH E. LEVY
            Plaintiff,                      MAG. KIMBERLY G. ALTMAN

vs.

MICHIGAN ATTORNEY DISCIPLINE
BOARD,

            Defendant.

_____/

| BRENDA K. SANDERS (P37845) | CASSANDRA A. DRYSDALE-CROWN(64108) |
|---|---|
| Plaintiff in *Pro Se* | Erik A. Grille (P64713) |
| P. O. Box 953 | Attorneys for the Defendant |
| Lincoln Park, Michigan 48146 | Michigan Department of Attorney General |
| (313) 685-1096 | Civil Rights & Elections Division |
| (803) 991-1137 | P. O. Box 30786 |
| brendakarensanders@outlook.com | Lansing, Michigan 48909 |
| | (517) 335-7659 |
| | drysdalecrownc@michigan.gov |
| | grillee@michigan.gov |

_____/

## RESPONSE TO MICHIGAN ATTORNEY DISCIPLINE BOARD'S MOTION TO DISMISS

NOW COMES the Plaintiff, Brenda K. Sanders, in *Pro Se*, and responds in opposition to the Defendant, Michigan Attorney Discipline Board's (hereinafter referred to as "ADB"), Motion to Dismiss under 12(b)(1) and (6), and in support of same, states as follows:

1.      That the Defendant, Michigan Attorney Discipline Board, filed its Motion to Dismiss in response to the Plaintiff's Complaint and has requested a dismissal of this cause of action.

2.      That the Defendant claims that it is immune from legal accountability or liability in this case under the Eleventh Amendment.

3.      That the Eleventh Amendment does not automatically protect political subdivisions of a state from liability.  Moor v. County of Alameda, 411 U.S. 493 (1973).

4.      That Eleventh Amendment immunity does not protect municipal corporations or other governmental entities that are not political subdivisions of the state, such as cities, counties, or school boards.

5.      That essentially, the Plaintiff is bringing a lawsuit that targets the improper conduct of the Tri-County Hearing Panel members, state officials, who were acting in their official capacity, when they transferred the Plaintiff's law license to "inactive" status.

6.      That the Defendant claims governmental immunity in this case however, the Defendant is only entitled to a claim of "qualified immunity".

7.      That the Defendants is not entitled to a claim of absolute immunity in this case.

8.      That the Defendant has no justification for maintaining the Plaintiff's law license in inactive status since December 1, 2015.

9.      That the Defendants intentionally served the Plaintiff at an incorrect address that was eleven years old in order to obtain a default against the Plaintiff and get the legal right to transfer the Plaintiff's law license to "inactive" status.

10.     That therefore, the Plaintiff was not aware that any action had been taken against her law license until several months later when she attempted to pay her Michigan bar dues.

11.    That the Defendant has steadfastly refused to return the Plaintiff's law license to active status since that time.

12.    That the Plaintiff did file a prior action against the Defendant in 2017, however, the Plaintiff failed to counter Defendant's claim of governmental immunity, even though such a claim was available and would have defeated Defendant's false claim that it has absolute governmental immunity and therefore, cannot be challenged regarding its decisions pertaining to the Plaintiff's law license.

13.    That the Defendant's claims of absolute government immunity pursuant to the Eleventh Amendment are subject to exception.

14.    That the individual Tri-County Hearing Panel members that reviewed the Plaintiff's case were Chairperson, TIMOTHY GUERRIERO; Member, GAIL O. RODWAN; and Member, BOYD E. CHAPIN.

15.    That the above-described board members refused to return the Plaintiff's law license to active status following a hearing before its Panel.

16.    That the Defendant questioned the Plaintiff on the witness stand for hours and following said hearing, refused to return the Plaintiff's law license to active status.

17.    That the Defendant falsely claimed that the Plaintiff continued to suffer from a mental disability due to her claims that the U. S. Military was assaulting and conducting attacks over her home.

18.    That the Plaintiff even presented photos of the military attacks to the Tri-County Hearing Panel, however, the Plaintiff was blasted as mentally ill and incredulous.

19.     That the Tri-County Hearing Panel (**Timothy Guerriero**, **Gail O. Rodwan**, **Boyd E. Chapin**) maliciously lied about the Plaintiff's capability to competently practice law in order to further defame and denigrate the Plaintiff.

20.     That the members of the Attorney Discipline Board Tri-County Hearing Panel referenced above were state officials acting in their official capacities at the time that they conducted the hearing addressing the continued disablement of the Plaintiff's law license.

21.     That the members of the Attorney Discipline Board Tri-County Hearing Panel were acting in their official capacities, are deemed "persons" under 42 U.S.C.  Sec. 1983 and 1981.

22.     That the Attorney Discipline Board state officials, Timothy Guerro, Gail O. Rodwan, and Boyd E. Chapin, were acting under color of state law and caused the deprivation of a federal right.

23.     That the deprivation of a federal/constitutional right excepts the Plaintiff from the Defendant's governmental immunity defenses.

24.     That the Plaintiff's constitutional right to be free from the unreasonable seizure of her property (her law license) is a constitutional right that the Defendant has violated in this case.

WHEREFORE, the Plaintiff, BRENDA K. SANDERS, respectfully requests that this Honorable Court deny the Defendant, Michigan Attorney Discipline Board's, Motion to Dismiss.

Respectfully Submitted,

/s/ *Brenda K. Sanders*

BY: _____

    Brenda K. Sanders
    Plaintiff – in *Pro Se*
    P. O. Box 953
    Lincoln Park, Michigan  48146
    (313) 685-1096
    (803) 991-1137
    brendakarensanders@outlook.com

November 6, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,                    CASE NO. 2:23-cv-10788-MFL-KGA
                                      HON. JUDITH E. LEVY
            Plaintiff,                MAG. KIMBERLY G. ALTMAN

vs.

MICHIGAN ATTORNEY DISCIPLINE
BOARD,

            Defendant.
_____/
BRENDA K. SANDERS (P37845)        CASSANDRA A. DRYSDALE-CROWN(64108)
Plaintiff in *Pro Se*             Erik A. Grille (P64713)
P. O. Box 953                     Attorneys for the Defendant
Lincoln Park, Michigan 48146      Michigan Department of Attorney General
(313) 685-1096                    Civil Rights & Elections Division
(803) 991-1137                    P. O. Box 30786
brendakarensanders@outlook.com    Lansing, Michigan 48909
                                  (517) 335-7659
                                  drysdalecrownc@michigan.gov
                                  grillee@michigan.gov
_____/


BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE
IN OPPOSITION TO THE DEFENDANT'S MOTION
TO DISMISS

On the merits, to establish personal liability in a §1983 action, it is enough to show

that the official, acting under color of state law, caused the deprivation of a federal right.

Monell, et. al., v. Department of Social Services of the City of New York, et. al., 436 658

(1978).    In an official-capacity action, however, a governmental entity is liable under

§1983 when the entity itself is a "moving force" behind the deprivation, Polk County v.

Dodson, 454 U.S. 312 326 (1981); thus, an official-capacity suit the entity's policy or

custom" must have played a part in the violation of federal law.  <u>Kentucky</u> v. <u>Graham</u>, 473 US 159 (1985).

The Plaintiff herein maintains that the Defendant is not immune from Plaintiff's claims based on a deprivation of her right to be free from the unreasonable seizure of her property, her right to practice law in the State of Michigan.  The Michigan Attorney Discipline Board's unreasonable seizure of Plaintiff's law license is premised on an unsupported claim that the Plaintiff is mentally incompetent and therefore, incapable of practicing law in the State of Michigan.

Defendant's claim of governmental immunity cannot prevail because the Plaintiff's Complaint is based on the deprivation of a constitutional right which is the denial of her right to practice law as an attorney.  The Defendant conducted an in person hearing wherein the Plaintiff testified in support of her Petition to Reinstate Law License.  The Plaintiff testified for a few hours answering questions about her mental fitness and her ability to practice law.  The Plaintiff testified before a three person panel.

Subsequent to the hearing before the Tri-County Hearing Panel, the panel issued an Order Denying the Plaintiff's Petition to Restore Her Law License on March 31, 2020. The record created as a result of the hearing established that the Plaintiff met all of the pre-established criteria to reinstate her to an "active" status which would enable the Plaintiff to practice law.  The hearing panel created and developed a false basis to deny the Plaintiff's petition.  All of the Plaintiff's claims have been factually substantiated and undergirded by actual evidence.  Such evidence is comprised of both photos and videos which were submitted to the Board for consideration.

Most importantly, the Plaintiff has continued to demonstrate that she is mentally fit and capable of practicing law in the State of Michigan.   Clearly, the Defendant's contentions are unfounded and unreasonable.

WHEREFORE, the Plaintiff, BRENDA K. SANDERS, respectfully requests that this Honorable Court deny the Defendant, Michigan Attorney Discipline Board's, Motion to Dismiss.

Respectfully Submitted,

/s/ *Brenda K. Sanders*

BY:_____
Brenda K. Sanders
Plaintiff – in *Pro Se*
P. O. Box 953
Lincoln Park, Michigan  48146
(313) 685-1096
(803) 991-1137
brendakarensanders@outlook.com

DATED:   November 6, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRENDA K. SANDERS,                          CASE NO. 2:23-cv-10788-MFL-KGA
                                            HON. JUDITH E. LEVY
         Plaintiff,                         MAG. KIMBERLY G. ALTMAN

vs.

MICHIGAN ATTORNEY DISCIPLINE
BOARD,

         Defendant.
_____/
BRENDA K. SANDERS (P37845)        CASSANDRA A. DRYSDALE-CROWN(64108)
Plaintiff in *Pro Se*             Erik A. Grille (P64713)
P. O. Box 953                     Attorneys for the Defendant
Lincoln Park, Michigan 48146      Michigan Department of Attorney General
(313) 685-1096                    Civil Rights & Elections Division
(803) 991-1137                    P. O. Box 30786
brendakarensanders@outlook.com    Lansing, Michigan 48909
                                  (517) 335-7659
                                  drysdalecrownc@michigan.gov
                                  grillee@michigan.gov
_____/

## CERTIFICATE OF SERVICE

The undersigned certifies that on November 6, 2023, Plaintiff served a copy of Plaintiff's

Response to Defendant's Motion to Dismiss upon the Defendant via email transmission

subsequent to an ECF filing of same with this Honorable Court.

/s/ *Brenda K. Sanders*

_____
         Brenda K. Sanders
         Plaintiff – in *Pro Se*

9